IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF, ARKANSAS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 7 2018

JAMES W. McCORMACK, CLERK
.By: _____
DEP CLERK

SAM WHITFIELD, LEAUTRY PIERCE, MARGARET HOOD,
ELBERT BELL, DOROTHY HOWARD, JACKIE ROGERS,
KATHRYN MAGSBY, MARVIN CHILDRESS, ANTHONY BROCK,
REBECCA FOWLER, MAXINE JONES, RYAN STILLS,
CHARLIE RUCKER, JIMMY FLOWERS, BRENDA RICKS,
BRANDON ROBINSON, ROD HARRIS, ROCKY FOSTER,
TONDA BURNETT, ANDREW SCRUGGS, ETHEL HUDSON,
TERESA WILLMAN, CAROLYN WASHINGTON, MICHAEL SANDERS,
BRUCE WAYNE SPICER, SHOSHOA WARFIELD, PERCY STOKES,
CAROLYN WASHINGTON, SANDRA WASHINGTON, VERLINDA
HARRIS, KAREN MCNEELY, BRANDI MEANS, NATHANIEL FULLER,
JOANN WINSTON, TERRY PHILLIPS, ALONZO CARROLL,
BRITT MURRAY, SONYA MOORE, JACKIE GREEN, ROBERT HARDNETT, GREG
ETHERLY, ALVIN SHELTON, ANTHONY COLLINS, LUKETHA STOKES,
EZRA THOMPSON, PERCY COLLINS, RODERICK REMBERT AND
ANTHONY LEE                                           **PLAINTIFFS**

5:18-cv-229-KGB

VS.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, (A.F.G.E);
DAVID COX, PRESIDENT OF AMERICAN FEDERATION
OF GOVERNMENT EMPLOYEES (A.F.G.E.);
MICHAEL KELLY, VICE PRESIDENT OF A.F.G.E.;
JESUS SANCHEZ, DISTRICT REPRESENTATIVE OF A.F.G.E.
LOCAL UNION 953; ROBERT HARRISON, DISTRICT REPRESENTATIVE OF
LOCAL UNION 953; NATIONAL EXECUTIVE COUNCIL (NEC);
DAVE GASSETT, RODNEY DAVIS, UNION MEMBERS;
SHERRI HARRISON, MANAGEMENT EMPLOYEE RELATIONS, UNION LIASON
OFFICER; AN EMPLOYEE OF PINE BLUFF, ARKANSAS ARSENAL; ALL OTHER
UNKNOWN DEFENDANTS, EACH INDIVIDUAL IS SUED IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITY

                                                      **DEFENDANTS**

This case assigned to District Judge _Baker_
and to Magistrate Judge _Deere_

**ORIGINAL**

1

## COMPLAINT
## CLASS ACTION

### JURISDICTION

Jurisdiction in this case is based on the U. S. Constitution, the State Constitution, the National Constitution of the American Federation of Government Employees, the Local Constitution of A.F.G.E.; equal protection, due process, First Amendment Freedom of Speech Violation, conspiracy, interference in a Federal Election, corruption, abuse of power, misappropriation of government money, time and service, harassment, intimidation of union members; rights under of color of law and all other pendant claims to include gross negligence and abuse of power.

Jurisdiction is further invoked pursuant to the seventeenth Agreement between the Pine Bluff Arsenal and the American Federation of Government Employees Local No. 953 (AFL-CIO) effective May 5, 2016.

Jurisdiction is also invoked pursuant to Army Regulations 690-600 and further invoked pursuant to the Civil Rights Act of 1964, as amended,


### COMPLAINT

Comes now the Plaintiffs, Sam Whitfield, Leautry Pierce, Margaret Hood, Elbert Bell, Dorothy Howard, Jackie Rogers, Kathryn Magsby, Marvin Childress, Anthony Brock, Rebecca Fowler, Maxine Jones, Rodney Stills, Charlie Rucker, Jimmy Flowers, Brenda Ricks, Brandon Robinson, Rod Harris, Rocky Foster, Tonda Burnett, Andrew Scruggs, Ethel Hudson, Theresa Willman, Carolyn Washington, Michael Sanders, Bruce Wayne Spicer, Shoshoa Warfield, Percy Stokes, Carolyn Washington, Sandra Washington, Verlinda Harris, Karen McNeely, Brandi Means, Nathaniel Fuller, Joann Winston, Terry

2

Phillips, Alonzo Carroll, Britt Murray, Sonya Moore, Jackie Green, Robert Hardnett, Greg Etherly, Alvin Shelton, Anthony Collins, Luketha Stokes, Ezra Thompson, Percy Collins, Roderick Rembert and Anthony Lee, and each of them for their complaint against each of the above named Defendants would respectfully state the following allegations herein:

1. Each of the named Plaintiffs is African-American and make up the Executive Board of A.F.G.E. Local Union.  No other A.F.G.E. Union has an all-Black executive board.

2. On October 4, 2016, Local A.F.G.E. Union 953 had an election for officers at the Pine Bluff Arsenal.  No one candidate in the president's race received a majority of the votes.  Despite any candidate receiving a majority of the votes, Defendant Jesus Sanchez swore in Defendant, Dave Gassett, as the new president.  Defendant, Jesus Sanchez, violated A.F.G.E. Rule Appendix A Section 5(h) (1) which necessitate a run-off election, provides:

> **For a single office, a run-off election is warranted when none
> of the candidates for an office receives a majority vote.
> The run-off election shall be between the two candidates
> receiving the greatest number of votes...**

The run-off election was not held until March 7, 2017, approximately 7 months later. Each of the Defendants conspired with each other to deny the secretary-treasurer access to the membership roster to notify all union members.  Defendant Dave Gassett was at the time, President of the Union, and also a candidate running in the run-off election. Defendant David Gassett in conspiracy with Defendant Vice President Michael Kelly and other Defendants developed this plan and scheme to put off the run-off

election in violation of Appendix A Section 5(h) and also provision of Article XXIII Section (2) (c) (e) (f) (g) (h) (i) (j).

3. That Plaintiff Sam Whitfield filed a timely notice of election contest with Defendant Dave Gassett, who was then president of the union. Defendant Dave Gassett never addressed the election matter and, in fact, stated that the time had run out on the election contest. The Defendants and each of them maliciously and purposely refused to provide the membership list to Plaintiff Margaret Hood, the Secretary-Treasurer.

4. On March 7, 2017, Rodney Lagrone, was elected as the new President of Local A.F.G.E. Union 953. After 10 days on the job, Rodney Lagrone resigned from the presidency, for unspecified reasons.

5. At the time Rodney Lagrone resigned as president, Defendant Rodney Davis was the 1st Vice President. Pursuant to Union Bylaws, he was moved to the position of president.

6. That Defendant Robert Harrison secretly swore in Defendant Rodney Davis. Defendant Robert Harrison told the executive board that Defendant Michael Kelly had informed him that there was going to be another election because Defendant Rodney Davis had said that he did not want the job. Defendant Rodney Davis further stated that he was not going to perform any duties as the new president. Defendant Rodney Davis kept his word. He literally did not do any duties as president of the union. Defendant Rodney Davis did not go into the office nor did he handle any complaints. Even though he did absolutely nothing, Defendant Rodney Davis was paid from union monies. Defendant Rodney Davis is in direct violation of Article XX and Article XXIII (c) (e) (f) (g) (h) (i) (j). Defendant Vice President Michael Kelly had knowledge of Defendant Davis'

4

gross neglect or conduct constituting malfeasance and gross negligence.   It is the actions of Defendant President David Cox, Defendant Vice President Michael Kelly and other Defendants who embolden Defendant Rodney Davis to serve as president and failed to perform the duties required of him.

7.    Neither Defendants Robert Harrison nor Rodney Davis shared any written authorization from Defendant Vice President Michael Kelly regarding any directives. Defendant Robert Harrison was asserting his position as 9th District Union Representative.  At no time did Defendant Vice President Michael Kelly come and talk to the executive board or the union executive board members.

8.   That Defendant Rodney Davis had only one meeting with the union.  This is where he made his statement that he was on his way out and that union officers could do whatever they wanted to do.

9.   On April 4, 2017, Pine Bluff Arsenal had what we call safety stand down.  Every department was scheduled to give a 5 minute talk on their department's action. Defendant Rodney Davis was on the agenda to address union activities. Defendant Rodney Davis was on the grounds but he failed to carry out his duties as president even though he was on the grounds.

10.    That on April 4, 2017, Plaintiff Sam Whitfield served a copy of the attached complaint upon Defendant Rodney Davis in the parking lot of his job.   Defendant Rodney Davis received the complaint.  This complaint is incorporated by reference word for word, line for line.  (Exhibit 1)

11.   Pursuant to A.F.G.E. Rule Article VII Section 4 states:

**In case of a vacancy in the Office of President, such officer as may be prescribed by the local's bylaws, shall fill the office for the unexpected**

5

**term.  Vacancies in any other office unless otherwise prescribed by the local's bylaws, shall be filled for the unexpired term by appointment by the executed board.**

12.   Defendant Rodney Davis failed to respond to the complaint.  He failed to inform the executive board or the union body.  The failure to address the concerns of this complaint warrants to gross negligence and total dereliction of duty as local president. That Defendant Vice President Michael Kelly and the other named Defendants encouraged Defendant Rodney Davis to ignore the complaint.  This constitutes gross negligence on Defendants' part, specifically, Article XXIII, Section 2(e) (f) (g) (h) (i) (j).

13.   That the Executive Board Members of A.F.G.E. Local 953 included Plaintiffs, Margaret Hood, Nathaniel Fuller, and Elbert Bell.  One board member resigned due to the time factor.  During this time, Plaintiff Sam Whitfield was appointed to the position of 1st Vice President to replace Defendant Rodney Davis who was moved up to president pursuant to the A.F.G.E. Constitution.

14.   That the executive board gave notice to Defendant Rodney Davis of every board meeting.  Defendant Rodney Davis purposely refused to meet with the executive board to address the concerns of Local Union 953.  At the time, Defendant Rodney Davis was being guided by Defendant President David Cox, Defendant Vice President Michael Kelly, and the other named Defendants. Defendant Rodney Davis had notice of every call meeting of the A.F.G.E. Local 953.   He stated that he would come and did not show.  Notice was personally given by each board member to Defendant Rodney Davis. Defendant Rodney Davis purposely, knowingly, and willingly refused to make himself available to address the union body and executive board members' concerns.

6

15. In the midst of this turmoil, union members had complaints that needed to be addressed. Defendant Rodney Davis appointed Defendant Dave Gassett as his Chief Steward. As Chief Steward Defendant Dave Gassett was acting in the role of president because Defendant Rodney Davis had relinquished all union authority as president to Defendant Dave Gassett in violation of Article XXIII. That Defendant David Gassett had been President of Local A.F.G.E. Union 953 for over 5 years and had established good working relations with each of the Defendants named herein. Each of the named Defendants was an active and vocal supporter of Defendant President David Cox and Defendant Vice President Michael Kelly.

16. That on one occasion, during the Presidency of Defendant Dave Gassett, Plaintiff Sam Whitfield made a request to become chief steward. Defendant Dave Gassett told him that he did not make bigots stewards and that he had enough stewards at the time. This was a racist statement made against Plaintiff Sam Whitfield who took offense to this statement. Defendant Beverly Miller was the Secretary/Treasurer at the time. She can attest to this incident. The action of the Defendant Dave Gassett was racial and degrading. Plaintiff Sam Whitfield was denied the right to be a steward in violation of union rules.

17. That after several notices to Defendant Rodney Davis to appear and address union concerns and after Defendant Rodney Davis steadfastly refused to meet with the executive board, the executive board decided to bring the matter to the full union body at the next regular union. Again, the executive board notified Defendant Rodney Davis that his conduct and non-action was going to be the subject of the next regular meeting. Defendant Rodney Davis was notified to be present at the next regular scheduled

meeting.   After being notified of his presence being needed at the regular called meeting, Defendants, Rodney Davis, Sherri Harrison, Vice President Michael Kelly, Jesus Sanchez, Robert Harrison, and Dave Gassett, conspired with each other to cancel the regular union meeting.  There was no reason given.  Article VI, Section 4, provides for the procedure if the president is absent from a local meeting. Defendants did not give a reason why the regular meeting was cancelled. Defendant Rodney Davis did not designate an officer to carry on the meeting. The Defendants and each of them conspired with each other to cancel the regular scheduled union meeting.   Defendant Sherri Harrison, the union liaison officer, sent out the email per Defendants instructions.

18.   That on June 22, 2017, at a regular union meeting and after Defendant Rodney Davis failed to appear, the union body unanimously voted to remove Defendant Rodney Davis as president.  Per the union rules, the Plaintiff Sam Whitfield was elevated to the position of president.  The vote was unanimous. (Exhibit 2)

19.   That Plaintiff Sam Whitfield was not elected to the Office of President.  By virtue of his position as First Vice President, Plaintiff Sam Whitfield was moved up to president.  This is the same as what occurred when Defendant Rodney Davis became president.

20.   That after the action taken on June 22, 2017, the Defendants and each of them conspired with each other and other unknowns to undermine and debunk A.F.G.E. Union 953. Defendants refused to swear in Plaintiff Sam Whitfield and refused to acknowledge him as the President of Local Union 953.   Defendant Sherri Harrison informed Plaintiff Sam Whitfield that she would not send out notice of a union meeting unless Defendants and each of them authorized it.  A copy of the June 22, 2017

meeting was given to Defendant Sherri Harrison. She informed Plaintiff Sam Whitfield that she would get back in touch with him. She never got back in touch with him. In fact, Defendant Sherri Harrison, at the insistence and emboldment of the other Defendants, attempted to have federal charges brought against Plaintiff Sam Whitfield for allegedly threatening her. Defendant Sherri Harrison does not have the authority to contradict the action of union members per union minutes. Defendant Sherri Harrison has a copy of the phone call made by Plaintiff Sam Whitfield to her.

21. The Defendants and each of them separately and in concert refused to recognize the sovereign of the union pursuant to Article 1 Section. The sovereignty of a local union to govern herself states:

> **It shall be the duty of the Executive Board to devise and initiate such actions as may be necessary in the interim between the locals meeting, but such actions shall not be inconsistent with the objectives of the Federation and shall be subject to local approval.**

The actions the union took on June 22, 2017 were not inconsistent with any rules or regulations of National or Local A.F.G.E. Union 953. Secondly, the actions of the union were unanimously approved by the union body.

22. After June 22, 2017, the Defendants and each of them mounted an attack against the executive board, specifically against Plaintiffs, Margaret Hood, Elbert Bell and Sam Whitfield. Defendant Vice President Michael Kelly sent several threatening letters to Plaintiff Margaret Hood threatening to relieve her of her position as secretary/treasurer and bring charges against her if she did not remove Plaintiff Sam Whitfield as president. Initially Defendants and each of them were of the opinion that Plaintiff Margaret Hood had orchestrated this move. As stated earlier, the union body voted unanimously to remove Defendant Rodney Davis.

a. Defendants and each of them conspired to close down the union's bank account without knowledge of Plaintiff Margaret Hood or the union body.

b. Defendants and each of them requested an audit of the union's bank account. There are four names on the union's account, Plaintiff Margaret Hood, Defendant Dave Gassett, Defendant Beverly Miller, and Defendant Rodney Davis. It required two signatures to transact business with a check. Defendants never transferred the union cards and records to Plaintiff Secretary/Treasurer Margaret Hood. The actions of the Defendants and each of them were in violation of the A.F.G.E. rules, harassment, and discrimination.

c. Defendants, President David Cox and Vice President Michael Kelly, in conspiracy with the other Defendants made appointments to the union without the approval of the union. The union was not made aware of these appointments. The Defendants, President David Cox and Vice President Kelly, in conjunction with the other Defendants continued to embold Defendants, Rodney Davis, Dave Gassett, and Beverly Miller into offices. The union body voted to relieve Defendant Rodney Davis as President of the Union. Defendants Dave Gassett and Beverly Miller both lost their bid for re-election.

d. Defendants and each of them have attempted to circumvent the will of the majority by imposing their will upon the union body in violation of the 1964 Voting Rights Act and following.

e. Defendants and each of them continued harassment and intimidation of Plaintiffs amount to a constitutional violation of their civil rights and violation of A.F.G.E. National and Local Rights specifically Article XXIII Section 2(c) (i) (j).

10

f.  Defendants and each of them violated the due process rights of the Plaintiffs.

g.  Defendants and each of them were paying these persons appointed by Defendant Vice President Michael Kelly and others.  The union was not aware of these payments to these individuals nor did the union authorize any monetary payments.

h. That up to this point A.F.G.E. Local Union 953 had not been placed in any type of receivership action.  Defendants and each of them are attempting to operate the union as a personal business.  Defendants and each of them are in violation of Article IX Section (5) (a), Section 5(b) (1), Section (5) (b) (2), Section 5(b) (4), Section 5(b) (5), -- Section 10 of the Constitution of the A.F.G.E. Rules and Regulations.

23.  Union monies have been collected from union members.  There has been no accountability of union money since the Defendants closed the union's bank account. Defendants and each of them are using union money to send Defendant Dave Gassett, Defendant Rodney Davis, and Beverly Miller on trips without the authorization of the union body and in violation of the A.F.G.E. Constitution.

24.  Because of all the things complained of above, a multi-party complaint was filed with the NEC Office on October 28, 2017.  The complaint was filed against Defendants, President David Cox, Vice President Michael Kelly, District Representative Jesus Sanchez and Robert Harrison, Union Liaison Officer Sherri Harrison, Rodney Davis and Dave Gassett.  The Defendants and each of them were served with a copy of the complaint which is attached and labeled.  (Exhibit 3)

25.  The Defendants and each of them failed to respond to the complaint.  Not only are the Defendants and each of them in default but they should be held accountable for

11

their misuse and abuse of power, corruption, intimidation and threats, gross negligence, malfeasance and all other actions pursuant to local and national rules.

26.   The failure to respond to this complaint is in direct violation of the National Rules of the National A.F.G.E. Constitution and local rules, specifically, Article VIII Section 1 – Section 13 and constitutes gross negligence and malfeasance.

27.   Defendant President David Cox and Defendant Vice President Michael Kelly brought charges against each of the union board members, Plaintiffs, Margaret Hood, Nathaniel Fuller, and Elbert Bell.   Basically, the charges were that Plaintiffs violated Article XXIII Section 1 - Section 10. Defendants alleged that the executive board failed to give Defendant Rodney Davis due process.

28.   Defendants, President David Cox and Vice President Michael Kelly, selected an arbitrator to hear the charges against each of the Plaintiffs.   Each of the Plaintiffs was denied due process.   As stated earlier, Plaintiffs had filed a complaint against Defendant President David Cox and Defendant Vice President Michael Kelly.   It is inappropriate and a conflict of interest for these Defendants to pick an arbitrator to hear Plaintiffs' case because the Plaintiffs filed first against Defendants, President David Cox and Vice President Michael Kelly, who failed to file a response.

29.   That the arbitrator said that the Plaintiffs violated the provision of Article XXIII Section 2(c) (e) (f) (g) (j). Plaintiffs were barred from holding office for a period of two years and suspended from membership for six months.

30.   On December 13, 2017, Plaintiffs appealed the decision of the arbitrator.

31.   On March 20, 2018, Plaintiff Sam Whitfield received a copy of the attached letter.  (Exhibit 4)

32.   That the Defendants' use of union funds for trips, food, expenses, travel, meetings/conventions, etc., amounts to misappropriation of government funds for which each of them should be held accountable.

33.   That appropriate criminal charges should be warranted where the facts are undisputed.   Appropriate charges should be referred to the proper law enforcement agency.

34.   That Defendants and each of them continue to conspire to deny Plaintiff Sam Whitfield due process and constitutional rights.   Defendants and each of them continue to harass, intimidate and threaten Plaintiffs by using the Federal Security Agency as their agent to label, intimidate and bring criminal charges against Plaintiff Sam Whitfield. Defendants, Dave Gassett and Sherri Harrison, have attempted to use their government positions to influence the Federal Security Agency.   Under the pretext or guise of being threatened, Defendants and each of them, specifically, Dave Gassett and Sherri Harrison have directed the Federal Security Agency to continue to harass, intimidate and threaten Plaintiffs to give false testimony.

35.   That Defendants and each of them, specifically, Dave Gassett and Sherri Harrison, filed a complaint with Supervisor Chris Richardson regarding the actions taken by Plaintiff Sam Whitfield.   Supervisor Chris Richardson counselled Plaintiff Sam Whitfield regarding him declaring that he was the Union President.   Plaintiff Sam Whitfield was informed that he could not tell people that he was the President of the Union and he could not contact Defendant Sherri Harrison unless he got a pre-clearance from Supervisor Chris Richardson.   This paper came from Defendant Sherri Harrison's office.   A copy of this letter was placed in Plaintiff Sam Whitfield's personnel

file.  A copy of the paper is attached and made a part of this complaint as word for word, line for line.  (Exhibit 5)  The action of Defendant Sherri Harrison is a violation of Plaintiff Whitfield's First Amendment Right to Freedom of Speech.  The complaint filed by Defendant Sherri Harrison was not related to Plaintiff Sam Whitfield's work performance.  Defendant Sherri Harrison was using and abusing her authority as a union liaison officer to misrepresent the facts.

36.   That Defendants and each of them had personal knowledge that Defendant Dave Gassett had misappropriated government funds by using the union credit card to pay for his wife/girlfriend to take a trip with him to a union meeting.  The matter with supporting documentation was reported to security by Plaintiff Margaret Hood and this matter is also in the complaint served on Defendant Rodney Davis on April 4, 2017.  Defendant Davis Cox and each of them failed to address this issue in the complaint filed with them on or about October 28, 2017.

37.   That Defendants, Dave Gassett and Sherri Harrison, were selecting persons to go on union trips without authorization of the union body.  Defendants, Dave Gassett and Beverly Miller, attended a union conference in Oklahoma in March 2018.

38.   That Defendants and each of them, specifically, President David Cox and Vice President Michael Kelly, never once came and addressed the issues confronting the union:

  a.   Defendants never addressed the issues in the complaint served on Defendant Rodney Davis on April 4, 2017.

  b.   Defendants never responded to the complaint filed on October 28, 2017.

c.  Defendants never addressed the concerns of the union members with the executive board or with the union body.  All of these inactions constitute a gross violation of A.F.G.E. National Constitution and Local Constitution and bylaws.

39.   That Defendants and each of them, specifically, Dave Gassett and Sherri Harrison, engaged in a course of action to harass and intimidate Plaintiff Sam Whitfield by purposely posting in assorted bright colors copies of the arbitrator's decision all over the arsenal. (Exhibit 6) Defendants and each of them, more specifically, Dave Gassett and Sherri Harrison, did not include all the pages of the Judge's decision. The names of other involved persons were purposely blackened out.  In addition, Defendants did not post that this matter was on appeal.  Defendants purposely failed to post the appeal notice on the board.  There has been no final adjudication.

40.   That the Defendants, President David Cox and Vice President Michael Kelly, failed to follow the National Constitution and recognize the Local Constitution of the A.F.G.E. Union 953.  They have failed to respond to a complaint filed on October 28, 2017.  In addition to gross negligence and refusal to respond, the Defendants and each of them should be declared to be in default and held accountable for their egregious actions.

41. That the Defendants and each of them have failed to respond to the complaint filed against them and their direct actions, separately and jointly, have directly impacted the union to its detriment.

42.   That the action of the Defendants and each of them violated numerous provisions of Article IX of the National A.F.G.E. Constitution and that the Defendants and each of them have a conflict with proposing a receivership of this union.

43. That the proposition to place the local A.F.G.E. Union in receivership is only a pretext to cover up the illegal spending of union funds without authorization and abuse of power.

44. That Defendant Dave Gassett and the other named Defendants violated local and national union rule Article xxiii, Section 1, 2(c) (e) (f) (g) (i) (j) by hindering the run-off election from being held and withholding of the membership list from Plaintiff Margaret Hood, the Secretary-Treasurer.

45. That Defendant Jesus Sanchez violated provision of Article XXIII by swearing in Defendant Dave Gassett in violation of local and national rules requiring a run-off election.

46. That Defendant Dave Gassett's and Defendant Robert Harrison's actions specifically violated Article XXIII by secretly swearing in Defendant Rodney Davis and in his official capacity represented to the executive board that Defendant Vice President Michael Kelly stated that they were going to have a new election. Defendants, Robert Harrison and Rodney Davis, presented nothing in writing from Defendant Vice President Michael Kelly.

47. That Defendant Rodney Davis made a public statement that he was not going to do anything as President of the Union. He stated that he was not going to come to the office, go to any meetings, or address any other concerns. Defendant Rodney Davis held true to his public statements. He failed to perform his duties as required by the local union rules in violation of Article XXIII. Defendant Rodney Davis failed to address the union portion of an annual program (Stand Down) at the Pine Bluff Arsenal.

Defendant Rodney Davis was present but refused to perform his official duties as union president.

48. Defendant Rodney Davis was personally served with a copy of complaint on April 4, 2017. Defendant Rodney Davis failed to address the complaint with the executive board and failed to address the union body regarding this official complaint. The actions of Defendant Rodney Davis violated numerous provisions of Article XXIII, specifically, gross negligence and malfeasance. To date this complaint has not been addressed.

49. That Defendants, President David Cox and Vice President Michael Kelly, with knowledge of Defendant Rodney Davis' refusal and failure to address the formal complaint of April 4, 2017, refused to address the union's executive board or the union body. At all relevant times, the Defendants, President David Cox and Vice President Michael Kelly, did not meet with the executive board or with the union body. The actions of the Defendants and each of them violated numerous provisions of Article XXIII. The actions of these Defendants constitute gross negligence, malfeasance and other violations. This complaint has not been addressed by Defendants, President David Cox, Vice President Michael Kelly, or any other named Defendants.

50. That Defendant Rodney Davis publicly stated that Plaintiff Sam Whitfield and any other union member could do whatever they want because he (Davis) is on his way out. This statement is in direct violation of Article XXIII, unbecoming of a union officer and union member.

51. That after Defendant Rodney Davis was secretly sworn in he gave the keys to the union building to Defendant Robert Harrison. Defendant Robert Harrison locked the building and at some point gave the keys to Defendant Dave Gassett,

52.   That Defendant Rodney Davis made Defendant Dave Gassett his chief steward. Defendant Rodney Davis had the constitutional right to name Defendant Dave Gassett chief steward.  It should be noted that Defendant Gassett is the candidate who lost the run-off election.  While Defendant Rodney Davis had the right to name Defendant Dave Gassett Chief Steward, Defendant Rodney Davis did not have the power to relinquish his duties and responsibilities as president to Defendant Dave Gassett. This is what Defendant Rodney Davis and other named Defendants were attempting to do.  The actions of the Defendants and each of them violated the autonomy of Local Union 953 and in violation of Article XXIII and other local, national statutes.

53.   That this time, Defendant Rodney Davis was paid by the union for services he was not performing in violation of the local and national rules.

54.   That union's business was being neglected and the union body was not being informed of issues concerning the union.  Many people with union complaints did not have any recourse.  Defendant Dave Gassett was classifying all complaints as an EEOC complaint and steering those people to the EEOC office in violation of local and national rules.

55.   That Defendant Rodney Davis was requested to address the executive board and union members regarding multiple concerns of union members.  Notice of every meeting called by the executive board was given to Defendant Rodney Davis.  He had actual knowledge.  Defendant failed to appear before the executive board or the union body.  Defendant Rodney Davis had only one union meeting after he was secretly sworn in.  It was at this meeting that Defendant Rodney Davis made his infamous speech about what he wasn't going to do and that Plaintiffs could do what they wanted

to do because he was on his way out of here.  It was at this meeting Defendant Robert Harrison and Defendant Rodney Davis stated that Defendant Vice President Michael Kelly said the union was going to have a new election.  The new election would be different, union members would be able to vote at home.  At this point, Defendants Robert Harrison, Rodney Davis, and other named Defendants had not spoken to the executive board or union members.  Defendant Robert Harrison in his capacity as District 9 Representative was making statements on behalf of Defendants, President David Cox and Vice President Michael Kelly.  The actions of the Defendants and each of them violated the autonomous rights of the union.

56.    Defendant Rodney Davis refused to meet with the executive board or the union members even after being duly notified.  At times, Defendant Davis said that he was going to meet with the executive board and then he would abruptly change his mind and not meet.  He had notice of every meeting.  Defendant Rodney Davis attempted to cancel even the regular scheduled meeting.  Defendant Rodney Davis attempted to cancel the regular scheduled union meeting of June 9, 2017, without any specific reasons.  Union members had the meeting anyway.  The minutes of June 9, 2017 reflect the actions taken.  Defendant Rodney Davis was removed as president by a unanimous vote of the union body to take effect immediately.  (Exhibit 6)

57.  Defendant Rodney Davis did not file any grievance with the executive board or the union regarding his removal from office.  Any grievance he may have had should have been filed with the local union according to the rules and regulations of the local union.  Local union rules require that original jurisdiction is the proper place for charges

against local members, Article XXIII, Section 1.  Defendants and each of them violated Section 1 of Article XXIII.

58.  That after June 9, 2017, Defendants and each of them mounted an aggressive campaign against the Plaintiffs and executive board.  The executive board is comprised of four people: Plaintiffs, Sam Whitfield, First Vice President; Margaret Hood, Secretary-Treasurer; Elbert Bell, Second Vice President; and Nathaniel Fuller, Sgt. at Arms.  All members of the executive board are Black.  A.F.G.E. Local Union 953 is the only union that has an all-Black executive board.  Plaintiffs are of the information and belief that race is a significant factor in the actions of the Defendants.

59.   On June 9, 1917, Defendant Dave Gassett was informed that he was no longer the chief steward.  Plaintiff Sam Whitfield had appointed Plaintiff Charlie Rucker the new chief steward.  Upon request, Defendant Dave Gassett refused to turn over the keys to Plaintiff Sam Whitfield and all other property in violation of Article XXIII of the local rules of the union.  To date Defendant Gassett has refused to turn over the keys and other property in violation of Article XXIII Section 2.

60.  That in furtherance of Defendants conspiracy, scheme, design and plan Defendants have counselled, aided, abetted, and emboldened Defendant Rodney Davis to maintain their position in the union contrary to the will of the union body.

61.   Defendant Rodney Davis is in direct violation of Article VI, Section 4 which provides for governing a meeting in the absence of the president.   In attempting to cancel the regular scheduled meeting without cause, Defendant Rodney Davis violated the provisions of Article VI, Section 4 of the local union rules.

62.   That in furtherance of Defendants' conspiracy, Defendants and each of them conspired to re-appoint Defendant Rodney Davis as union president and Defendant Dave Gassett as chief steward.   Defendant Sherri Harrison filed a complaint with security regarding Plaintiff Sam Whitfield's phone call to her office.   Defendant Sherri Harrison is the liaison person between management and union.   Among her duties is to notify the union members of meetings of the local union.   Defendant Sherri Harrison informed Plaintiff Sam Whitfield that she needed documentation that he was president. Defendant Sherri Harrison was personally given a copy of the June 9, 2017 minutes. Defendant Sherri Harrison acting in her position as arsenal employee and individually, decided not to publish any notice.   Defendant Sherri Harrison deliberately used the Federal Security Agency in an attempt to bring federal charges against Plaintiff Sam Whitfield.

63.   That Plaintiff Sam Whitfield and other union members were investigated by security officers. Statements were given by Plaintiff Sam Whitfield and other union members.  This action of Defendants and each of them violated Plaintiff Sam Whitfield's civil, constitutional, federal, local statutes and laws.

64.   That Defendant Dave Gassett and other Defendants purposely closed out the union bank account without the authorization of the union body or the union executive board.

65.   That the Defendant President David Cox and Defendant Vice President Kelly violated the civil and constitutional rights of Plaintiff Margaret Hood by removing her as Secretary-Treasurer of A.F.G.E. Local Union 953. The Defendants and each of them unilaterally took the action to remove Plaintiff Margaret Hood without any type of

hearing which is a denial of her constitutional and due process rights in violation of Article XXIII, Section 2.

66.    That Defendant Sherri Harrison had Plaintiff Sam Whitfield's supervisor to counsel Plaintiff Sam Whitfield regarding the phone call. Per counseling and written instructions, Plaintiff Sam Whitfield was formally warned not to contact Defendant Sherri Harrison unless Plaintiff Sam Whitfield made prior arrangements and that he was not to hold himself as president of the local union.   This action of the Defendant Sherri Harrison violated Plaintiff Sam Whitfield's First Amendment rights and due process and violated local and national union rules.   Defendant Sherri Harrison had no option to ignore the minutes of the local union body.  (Exhibit 7)

67.    That as a direct result of the actions of the Defendants and each of them, the membership dropped substantially.    It was the plan, scheme, and design of the named Defendants to undermine and debunk Local A.F.G.E. Union 953.

68.    That in one instance when Defendant Gassett was president, Plaintiff Sam Whitfield made a request to Defendant Dave Gassett that he wanted to be a union steward.  Defendant Gassett replied:  "I don't appoint bigots as union stewards and all other steward positions are filled". Plaintiff Sam Whitfield asked Defendant Dave Gassett what he meant by that statement.  There was nothing more said.  Defendant Beverly Miller was present during this meeting.

69.    That Defendants, President David Cox and Vice President Michael Kelly, had a duty and obligation to investigate the concerns of the union members but they failed to do so.  That the Defendants' inaction constitute gross negligence and malfeasance. These Defendants never talked to the executive board or to the union members.

70.   That Defendants failed to account for union money from the closed account, the membership dues collected, and the monthly union allotment sent to the national office.

71.   That Defendant Dave Gassett and others were being paid from union funds. Defendant Dave Gassett and others were taking trips on union funds without the authorization of the union body or the executive board.

72. That Defendants, President David Cox and Vice President Michael Kelly, had absolutely no reason why they should take over A.F.G.E. Local Union 953. They have denied Plaintiffs and other union members' constitutional and statutory rights.

73.   That Defendant Dave Gassett and other Defendants removed union papers without the authority of the executive board or union members and have not accounted for their whereabouts.

74.   That Defendant Dave Gassett has committed fraud and mismanagement of union funds without the authority of the union body. Defendant Dave Gassett is billing the government for hours worked and is being paid a salary without the approval of the union members.

75.   That Defendant Dave Gassett has used the government's credit card to finance his wife or girlfriend's air travel in violation of government rules and regulations.  Union member, Plaintiff Margaret Hood, has actual copies of the checks Defendant submitted. This matter was referred to the security agency for processing. The extent of this investigation is unknown.

76.   That Defendant Robert Harrison's salary was supplemented by union funds at one time.  Plaintiff Sam Whitfield has every reason to believe that the union documents and papers may have been unlawfully disposed of.

77.   That Defendants, David Cox and Vice President Michael Kelly, have not demonstrated pursuant to Article 6 of the local rules any showing of fraud, mismanagement as any other limitation as required under union limitation as required under union rules.

78.   That Defendants, David Cox and Vice President Michael Kelly, have directly interfered in the internal and autonomous operation of the union by:

   a.  Appointing a secretary of the union without the knowledge of the union.

   b.  Closing the union account and opening a new one.

   c.  Taking of union funds in violation of due process and authorization of the union.

   d.  Denying Plaintiffs and union members their right to be heard.

   e.  Ongoing conspiracy, scheme, design, and plan to undermine, disband and debunk the union.

   f.  Continuing to hinder Plaintiff Sam Whitfield, the executive board members, and union members from carrying out their duties pursuant to the rules.

79. Pursuant to local and national rules, Plaintiff Sam Whitfield and other union members filed a complaint with NEC against each of the named Defendants. (Exhibit 8)

80. The NEC and each of the named Defendants have not responded to the complaint filed on or about October 28, 2017.

81.   The NEC has failed to abide by local and national rules regarding filing of a formal complaint.  The NEC office failed to abide by their rules nor did they have the power to police themselves.

82.  The actions of the NEC constitute gross negligence and malfeasance for failure to respond to the original complaint. Defendants have not responded to the multi-party complaint.  Defendants should be held accountable for gross negligence, malfeasance, and failure to properly respond as provided by the local and national union rules.

83.  That Defendant Dave Gassett called security to arrest Plaintiff Sam Whitfield who was speaking at a union meeting.  Defendant Dave Gassett told security that he felt threatened while Plaintiff Sam Whitfield was speaking to approximately 16 or more union members.   There was no cursing, loud talking, threats or body contact. Defendant Dave Gassett had the same opinion as Defendant Sherri Harrison said they could call security officers to do their bidding.  Again, statements were taken from union members who were present.  Security attempted to intimidate and challenge witnesses who did not say what they (security) wanted to hear.

84.  That Defendant Jesus Sanchez called for special union meeting via Defendants Dave Gassett and Sherri Harrison.  Defendants informed the union members that the Local Union 953 was placed in receivership and that he was the administrator.  Union members had no prior or written notice of receivership actions. Union members were not told the reason why this action was taken.

87.  Article IX, Section 5(a) requires that the Defendants, President Rodney Cox and Vice President Michael Kelly, must seek approval of the NEC before they take charge of union equities and property for the purpose of preventing corruption or financial malpractice.

88.   That Defendants and each of them are in violation of Article IX, Section 5(a) of the local and national union rules.

89.   That Plaintiffs and each of them and the other board members have complied with Article VII, Section 2 which provides for autonomy.

90.   That Defendant Dave Gassett and others are now paying $200 cash per person to each non-union person who join or rejoin. There is a question about the solvency of the union while in receivership.  On Wednesday, April 25, 2018, those who purport to be running the union started paying $200 to non-union members who joined and brought in other non-union persons.   That each of these individuals would receive $200 per person.  How can the union pay $200 per person to non-union members when the union is allegedly in receivership?  Who authorized these payments? Where did the money come from? There has been no accountability of union membership dues and assessment.

91.   That there has been no accountability of union funds.  Plaintiffs are requesting a forensic audit of union funds from January 1, 2013 to present.

92.   That Defendants, President Rodney Cox and Vice President Michael Kelly, and the NEC have violated local rule 5(b)(l) of the local and national rules and regulations.

93.   That Plaintiffs are respectfully requesting a trial by jury.

94.   That the named Defendants and each of them shall be enjoined from the expenditure and disbursement of any and all Local Union 953 monies pending a hearing.

95.   That the Defendants and each of them be enjoined and prohibited from using any monies from Local Union 953 for trips, training, conferences, and meetings pending a hearing.

96.    That the actions of the Defendants and each of them specifically violated each of the union members' individual rights and the rights of the union body all for which damages should lie.

97.    That the Defendants and each of them in concert and in furtherance of their scheme, plan, and design purposefully, willfully, wantonly and in disregard of the union laws refused to address the concerns of union individuals and of the union body.

98.    That the Defendants and each of them failed to inform the union of the government shutdown and never once relayed to the union members the actions that were available to them.  There was no memo or instructions or anything put out to local union members 953.

99.    That the Defendants and each of them purposely and with malice refused to address the concerns of individual union members and the union body when the union made the request.

100.    That the Defendants and each of them failed to comply with Rule IX by placing Local Union 953 in receivership without justification or cause and in direct violation of the procedures as outlined in Rule IX of the A.F.G.E. Local and National Constitution.

101.    That the Defendants and each of them denied individual union members and Local Union 953 due process when the Defendants chose an arbitrator to hear a case where the Defendants had been charged with wrong doing.

102.    That the actions and inactions of the Defendants and each of them constitute gross negligence, incompetence and malfeasance which caused Local Union 953 to illegally be placed in a receivership status.

27

103.   That the Defendants and each of them in furtherance of their scheme, plan and design, specifically targeted certain members of Local Union 953 and attacked the all Black executive board.

104.   That the Defendants and each of them purposely denied and deprived Plaintiffs and other union members of benefits, services, and other union assistance as required by the Local and National Constitution.

105.   That the Defendants and each of them conspired to deprive each individual member of their right to self-government and autonomous status in direct violation of local and federal laws.

106.   That the Defendants and each of them failed to address the transfer of 29 people to another department.  Every person who was left was promoted to a higher grade.  There was no union input or representation regarding the transfer or promotion. The union had a duty and obligation to represent the Plaintiffs and union regarding this action taken by management.  The union took no action regarding this transfer or the promotion of individuals after the people were detailed out.

107.   That the union failed in their duty to inform, address, and meet with the union members as required by the local and federal statutes.

108.   That the Defendants and each of them deprived Plaintiffs, Margaret Hood and Sam Whitfield, of their right to be notified of the trial date and the right to present witnesses on their behalf.   Neither Plaintiffs, Sam Whitfield or Margaret Hood, was properly notified within the time limit provided by the local and national rules.

109.   That Defendant Rodney Davis did not file any protest or grievance with the local union body as required by local and national rules.  Defendants and each of them

28

totally ignored the original jurisdiction of the local union body for the resolution of any grievance.

110.   That on one occasion, Defendants sought to single out the Plaintiff Margaret Hood Secretary/Treasurer, for audit of the union account.  Defendants knew that at the time of the proposed audit, that there were 4 people's names on the account.  It took two signatures for a check to be approved.  The 4 names on the signature card are Defendants Dave Gassett, Rodney Davis, Beverly Miller and Plaintiff Margaret Hood.  In spite of 4 names on the signature card, Defendants only wanted to single out Plaintiff Margaret Hood.

111.   That the Defendants and each of them purposely removed union papers from the union office without the authority of the union body.  Beverly Miller had access to the records and accounts of the union money.   Beverly Miller was paid for secretary/treasurer services. Beverly Miller was also paid a salary for her services and used government time to do union work.   The union body did not vote to place Beverly Miller in her position.  The Defendants and each of them placed Beverly Miller in her position.

112.   That there was absolutely no reason why Plaintiff Margaret Hood should have been removed from her position as Secretary/Treasurer.  Plaintiff Margaret Hood had recently attended a week long school in Washington, DC to learn about her duties as the new Secretary/Treasurer.

113.   That Beverly Miller was placed in the position of Secretary/Treasurer after she lost her re-election bid to Plaintiff Margaret Hood.

114.   That the Defendants and each of them put Defendants, Dave Gassett and Beverly Miller, back in their respective positions after both lost in the election.

115.  That the Defendants and each of them, specifically, Sherri Harrison, are signing off on issues which have not been voted on or addressed by the union body.

116.   That the Defendants and each of them, specifically, Dave Gassett and Sherri Harrison, attempted to use the law enforcement agency of the Federal Government to impugn and harass Plaintiff Sam Whitfield and to harass certain union members with harassing questions.

**Wherefore**, Plaintiffs pray that the court will grant the following relief:

    a.   That the court will certify this complaint a class action,

    b.   Declaratory Judgment that the actions of the Defendants violated Plaintiffs' constitutional rights, civil rights and National and Local rules of the A.F.G.E. Constitution.

    c.   Declaratory Judgment that the Defendants conspired with each other to deny Plaintiffs, the executive board and the union body their right of autonomy.

    d.   Injunctive relief to enjoin Defendants from engaging and transacting any union business pending a preliminary hearing,

    e.   That Defendants be relieved of any and all responsibilities and duties pending a preliminary hearing.

    f.   That the Defendants be enjoined immediately from expending union funds on any travel related expense, food, or lodging to national, state, district or local union convention, conference, or training, without the approval of the court.

g.  That the U. S. Government assume control of the operation of the union pending the preliminary hearing.

h.  That each of the Defendants be removed from their respective union positions pending a preliminary hearing.

i.  That the court will order a forensic audit and full investigation of Local Union 953's expenditures and disbursements for the years 1998 – 2018.

j.  That the court will refer this matter to a federal prosecutor for violation of criminal laws where appropriate.

k.  That the Plaintiffs and each union member be reimbursed of all union dues paid since June 22, 2017, the date the union voted to remove Defendant Rodney Davis as President.

l.  That the union's monthly assessment paid to the national office be reimbursed in full to the union from June 22, 2017.

m.  That Plaintiffs be awarded damages for pain and suffering and intentional infliction of emotional distress and harassment.

n.  That the Plaintiffs be awarded punitive damages in the sum of $1,500,000 for purposely failing to respond to union members' complaint filed on October 28, 2017.

o.  That Plaintiffs and the union should be awarded a judgment of $1,000,000 for gross negligence and malfeasance.

p.  Removal of counselling records from Plaintiffs' records. Plaintiffs Sam Whitfield and Elbert Bell request that the court will remove the arbitrator's decision from their file.

q.  Plaintiffs request $500,000 for violation of their First Amendment's Right of Free Speech and violating the 1964 Voting Rights Act.

r.  Reinstatement of Plaintiffs, Sam Whitfield, Elbert Bell and Margaret Hood, to the office they held prior to being suspended by the arbitrator.  Plaintiffs pray that the court will pay the monthly salary they would have received from June 22, 2017 to present.

s.  Reinstatement of Plaintiff Margaret Hood to Office of Secretary/Treasurer with back pay from June 9, 2017 to present.

t.  Reinstatement of Plaintiff Charlie Rucker with back pay from June 9, 2017 to present.

u.  That Plaintiffs be reimbursed for all travelling expenses, room and board, food expenses, and all other expenses they would have received had it been properly presented to the union body for approval.

v.  Reasonable attorney fees.

Respectfully submitted,

James F. Valley, Attorney
J. F. VALLEY, ESQ., P. A.
Bar No. 96052
P O BOX 451
423 Rightor Street
Helena, AR   72342
(870)228-9002 SWITCHBOARD
(870)619-1750 DIRECT DIAL
(870)619-1760 DIRECT FAX
JAMES@JAMESFVALLEY.COM EMAIL

April 3, 2017

Mr. Rodney Davis
President of Local Union 953
P.O. Box 20152
White Hall, Arkansas  71612

Re: Request for Investigation

Dear President Davis,

Please take official notice, that I am filing this official complaint against you as President of local union 953; Robert Harrison in his individual and official capacity as a member of local union 953 and in his official capacity as District 9 representative; and other unknown parties based on the following:

1. That on March 13th 2018, then President Rodney Lagrone informed the executive body of his intention to resign as President of the union.

2. That a special called meeting of the executive body of local union 953 was scheduled for March 13th to accept the resignation of Mr. Rodney Lagrone and to swear in

(19)

the first executive President Mr. Rodney Davis. At this meeting the executive body was going to appoint a new executive President to replace, Mr. Davis. This meeting was scheduled for 5:00 pm on Monday, March 13th.

3. That sometime prior to the scheduled 5pm meeting of the local 953 executive board, Robert Harrison secretly met with President Rodney Davis. Robert Harrison purportedly swore in Mr. Rodney Davis as the new President of local union 953. Mr. Harrison also prepared and typed Mr. Lagrone resignation papers for which Mr. Lagone signed. Mr. Harrison did these things under the guise of being a District 9 representative and as a member of local union 953. Mr. Harrison stated to the executive board that he had been in contact with the national office and that they (the national office) had informed him that the union was going to have another election. At no time did Mr. Harrison produce any paper work to show that he was taking this action pursuant to any authority as a 9th District Representative or authority receive from the national office.

4. Mr. Harrison is not a officer of local union 953 and it is questionable whether he is a member. He was not

asked to be a part of the executive meeting originally scheduled for March 13th, 2017. In fact after a heated exchange between the secretary/treasurer and him, Mr. Harrison was asked to leave.

5. Mr. Harrison continues to assert his authority to intervene with the executive body pursuant to his 9th District representation, and his connection to the National office. The union executive body never requested Mr. Harrison assistance in any capacity and Mr. Harrison never produced any authorization from the district or National Office to show otherwise.

6. There is a question of whether Mr. Harrison had the authority to swear in Mr. Rodney Davis as the new President and by what authority?

7. After Mr. Rodney Davis was secretly sworn in by Mr. Harrison, Mr. Davis was specifically told not to appear at the scheduled executive board meeting set for 5:00 pm. Mr. Harrison advised Mr. Davis not to show up and that he would handle the executive body, Mr. Davis did not show up for the executive board meeting. Mr. Harrison

was there in the President place pursuant to the purportedly the authority of the 9th District and the National Office.

8. The actions of President Davis represent the highest degree of malfeasance and misfeasance of public responsibility. There is ongoing union business that need to be addressed, yet President Davis refused to call for a special meeting of union officers or union members.

9. That there are pending claims against the union needed to give their immediate attention to and that the members of local union 953 need to be informed of the status of this union.

10.   That President Davis absolutely refuses to call a special meeting to address any of these concerns.

11.   That Robert Harrison and others are directing the President on what to do and when to do it.

22

12.   That President Davis has publicly stated that he does not want the job as President of the Union and that he will not attend any mandatory meeting or address any issues on stand down day.

13.   That Mr. Harrison with full knowledge of President Davis statement insists that President Davis take the position inspite of.

14.   That on March 13th 2017, Mr. Harrison physically locked the office of the President under the guise of being the 9th District office and pursuant to directives of the National Office.

15.   That the election of Mr. Harrison taken under the guise of the 9th District Representative and on behalf of the National Office tend to undermine local union 953 and violates numerous laws of the constitution, to include Article II Section 3; Article 6, Section2; and Article VII Section 4 of the A.F.G.E. constitution all for which charges should be against each of them.

23

16.   That the non-action of President Davis constitutes malfeasance and misfeasance in office in direct violation of the A.F.G.E. constitution.

17.   That the non-action of the President violates the A.F.G.E. constitutions which provide that the president keep the union members informed and that the welfare of the union will be maintained.

I am respectfully requesting that the complaint filed herein acquaint you and Mr. Robert Harrison be receive and process through the proper channel via the A.F.G.E. constitution.

Your prompt attention to this matter will be greatly appreciated.

Respectfully,

Sam Whitfield

Sam Whitfield

870-816-5244

Regular Meeting

AFGE Local 953

May 9, 2017

Meeting was called to order at 5:15 pm. We had an opening prayer by Elbert Bell. We had roll call, all officers were present except for President Davis and Mike Mattox.

1st Vice President, Sam Whitfield chaired the meeting. The membership was informed that the President had at the last minute, tried to cancel the meeting with no reason. We had urgent business that needed to be discussed, our Union is failing due to leadership. The membership was reminded that President Davis said he didn't want the position and was not going to carry out the duties as President.

There was discussion from the membership. L. Pierce properly made a motion to dismiss President Davis as President and it was properly seconded by C. Rucker. It was asked if there were any questions, there were none, it was asked all that were in favor, all 12 voted yes for dismissal by a show of hands, it was asked if there were any nays, there were none. It was unanimously passed to dismiss Rodney Davis as President.

Sam Whitfield appointed C. Rucker as Chief Steward. S. Whitfield motioned for adjournment and it was seconded by L. Pierce.

There were 12 present.

*October 22nd, 2017*

*P3*

Chairperson
National Executive Council
80 F. Street N.W.
Washington, DC 20001-1583

**Re: Complaint of formal charges against each of these Union officers and Representative of**

**the Pine Bluff Arsenal:  J. David Cox Sr. as National President of American Federation of**

**Government Employees (A.F.G.E.)  Michael Kelly as Regional Vice-President (District 9);**

**Jesus Sanchez (Union Representative); Robert Harrison (District 9 Representative) Rodney**

**Davis (Former President of local Union 953); Dave Gaskin, (Former President and  Former**

**Chief Steward of local A.F.G.E Union 953; Sherry Harrison, (Union Officer); and Chris**

**Richards, Supervisor and agent of the Pine Bluff Arsenal. Each of the named persons have**

**schemed, conspired, concluded with each other in violation of numerous local and National**

**bylaws, the denial of due process, and Civil Right violated and  of authority as officers in**

**violation of myself ,and other members of A.F.G.E. local Union 953.**


Dear Sir/Madam;

My name is Sam Whitfield.  I am a member of local A.F.G.E. Union 953 and have been

for over 15 years.  I am filing this complaint as an individual and as President of local A.F.G.E.

Union (Exhibit 1)   the facts that form the basis of this complaint members are as follows:

1.)      Local Union 953 had a general election for officer in October 4, 2016.  There

were three candidates running for President.  No one candidate received a majority of the votes

as mandated by the Local and National Constitutions per election rule Section 5(L) which states:

A majority of the valid votes cast for elation to any officers except... If warranted a run-off

election shall be held as soon as possible.  In direct violation of Union election procedure, Jesus

Sanchez had full knowledge of the vote count because he was present and had a written letters

from Mike Kelly to serve as an observer Pursuant to Appendix A part III, I filed a timely notice

of protest alleging two points: (a) a run-off election is required and (2) Dave Gaskin use of

government equipment to solicit people to come and vote in the election.  To date, this

Complaint has not been addressed.  The Union member had to fight to get the Run-off election

which was finally held 6 months later, (Exhibit #1).   The delay of the run-off was due to Dave

Gaskin absolute refusal to do a run-off and he purposely failed to provide Secretary Margaret

Hood with the Union member's names and addresses to inform them of the run-off date.  None

of the officers (President Cox, Vice President Kelly, Jesus Sanchez or Robert Harrison directed

Dave Gaskin to release the membership list so that Union Members could be notified.  After

local Union leaders failed to address this issue numerous calls were made to the Washington

D.C. A.F.G.E legal department.  The membership list was finally given to the secretary.  Dave

Gaskin violated Article XXIII of National Constitution namely Section 2 which states:  Charges

may be preferred for conduct detrimental or inimical to the best interest of the Federation.

Offences against the Federation include the following:

Article XXIII

Offences, Trials, Penalties, Appeals

Section 1.   Except as provided for under the powers of the National President in Article

IX, Section 5, the local in which an individual member holds memberships is the court of

original jurisdiction for trial of charges against the local's members and officers, unless the

charges arise out of or result from an individual's conduct or status as a council officer on

matters concerning council operations, in which case the council has original jurisdiction for trial

of such charges.  The due process provision of Article XXIII shall govern at the council level

when a council officer is charged and tried in his or her capacity as a council officer.   Members

2

of the Federation, including officers, agents and representatives of locals or councils, shall be tried for any of the offenses listed in Section 2 hereof.

Sec 2.   Charges may be preferred for conduct detrimental or inimical to the best interests of the federation.  Offenses against this Federation include the following:

(c)    Violation of any provision of this Constitution or the constitution and bylaws of the local to which a member belongs;

(d)    Making known the business of any affiliate of the Federation to management official of any agency or other persons not entitled to such knowledge;

(e)    Engaging in conduct unbecoming a union member,

(f)    Engaging in gross neglect of duty or conduct constituting misfeasance or in office as an office of representative of a local.  The conflict resolution programing not available after the committee of investigation has preferred charges;

(g)    Incompetence, negligence, or insubordination in the performance of official duties by officers or representative of a local or council or failure or refusal to perform duties validly assigned.

(h)    Committing any act of fraud, embezzlement, mismanagement, or appropriating to one's own use any money, property, or thing of value belonging to the Federation or any affiliate.  The conflict resolution program is not available after the committee or investigation has preferred charges;

(i)    Refusing, failing, or neglecting to deliver at specified periods or on demand, in accordance with this Constitution or the constitution and bylaws of the local or council to which a member belongs, a full and accurate account of all monies, properties, books and records for examination and audit; and/or

(j)    Assisting, counseling, or aiding any member or officer of its affiliates to commit

3

Sec. 3.   Charges may be preferred by the National President, the National Executive
Council, the National Vice President having jurisdiction over the local of which
the accused is a member, or by a committee of investigation of the local.  Any
member may request conflict resolution or bring charges by first filing them with
the local of which the accused is a member, and

Dave Gaskin was purposely using his position as President of the Union to hinder the run-off
election.  The Run-off election was held on March 7, 2017. (Exhibit #1)   Rodney Lagrone won
the run-off election.  He was sworn in by Jesus Sanchez on March 7, 2017.   Rodney Lagrone
served for 8 days as President of the Union and then announced that he was resigning for
personal reasons.   At this time, Rodney Davis is the executive Vice President.  For reasons
unknown, he was secretly sworn in by District 9 representative Robert Harrison.   By all rights
and according to the rule Rodney Davis was moved from the position of executive Vice-
President to President.  This part is not being contested.  After Rodney Davis was appointed to
President, a vacancy existed in the Executive Vice President office.  Pursuant to Article VII
Section 4 states:

In the case of a vacancy in the office of President such officer ad may be prescribed by
the local's by laws shall fill the office for the unexpired term/ Vacancies in any other
office, unless otherwise prescribed by the local bylaws, shall be filled or the unexpired
term by appointment by the Executive Board.

The executive board appointed Sam Whitfield on April 20, 2017 as the executive Vice –
President to replace Rodney Davis who was moved into the local President position. (Exhibit #2)
The first meeting in which Rodney Davis presided over as the President of the Union is very
significant for several reasons:

4

1.) Rodney Davis opens the meeting simply by asking the member if they had anything to say. No agenda was present or minutes read.

2.) He specifically stated that he did not want the job as President but only took it because "they" told him to take it.

3.) That he was not going to come to the office or do anything in his capacity as Union President which includes meeting with the Colonel in regular meetings, talking to people about pending claims, and addressing new claims.

4.) Specifically state that I, Sam Whitfield, could do whatever I wanted to do because he was on his way out anyway.

5) Told the members that President Cox and Vice President Kelly had told him and Robert Harrison that the union was going to have a new election for President. This new election was going to be different in that Union members were going to be allowed to vote at home by mail. Both Rodney Davis and Robert Harrison as district 9 representative and Union President made those statements to the Union members present at the hearing.

6.) Neither Rodney Davis or Robert Harrison did not provide any written authorization form President Cox or Vice President Kelly that they in fact had made these statements about an upcoming election at home.

7) Up to this point and at no time did Rodney Davis or Robert Harrison meet with members of the Union Executive Board to discuss any agenda or proposed section to take. At the new incoming President, Rodney Davis was scheduled to be sworn in on March 13, 2017 the executive board was scheduled to meet that same evening at 5:00 pm to address concerns of the Union. As stated earlier, Rodney Davis was secretly sworn in that morning and told by District 9 representative Robert Harrison not to appear at the scheduled 5:00pm meeting of which he had full notice of. Rodney Davis did not appear as he had been directed by Robert

5

Harrison.   At that time, the Executive Board did not want to meet with Robert Harrison and told

him so.   Words were exchange between Robert Harrison and Margaret Hood.   Robert Harrison

was told to leave, he did.   Prior to leaving, Robert Harrison locked the executive board out of the

President office and took the keys with him.   Rodney Davis had given Robert Harrison the key

to the Union office.   Robert Harrison is not entitled a key to local Union 953 just because his is a

district 9 representative.   At all times, Robert Harrison was acting in his official capacity as a

representative of District 9.   Both Rodney Davis and Robert Harrison are in violation of certain

provisional of XXIII section 2©(e)(f)(g)(n)(i)(j).   After Robert Harrison as District 9

Representative locked out the executive board.   Dave Gaskin became in possession of the key.   It

should be noted that upon becoming President, Rodney Davis made Dave Gaskin his Chief

Stewart.   The appointment of Dave Gaskin as Chief Stewart is not a part of Contention at this

point On or about April 4, 2017 A complaint against Mike Kelly, Robert Harrison, and Rodney

Lagrone was hand delivered to Rodney Davis. (Exhibit #3)   He accepted the complaint but

never addressed the complaint at any Union meeting.   Given the nature of the complaint Rodney

Davis is in violation of Provision Article XXIII Sec (2) (F) gross neglect of duty or conduct

constituting malfeasance or misfeasance in office.   Rodney Davis only commented to me was,

"Do whatever you feel you have to do.   I'm on my way out of here."   This response can be

verified by the members who were present at the meeting.   Dave Gaskin and Rodney Davis are

in direct violation of Article XIII and more particular Sec (a)(i) for neglect and

malfeasance/misfeasance regarding pending cases and for failing to follow through in matter

relating to Union issues.   Again this is confounded by the fact that President Cox and Vice

President Kelly have effectively shut down Local A.F.G.E Union 953.   The Executive board

members made numerous requests to President Davis to meet and discuss the critical issues

facing our Union.   President Davis absolutely refused to meet with the executive board and on

6

occasions cancel or attempt to cancel regular scheduled Union meetings for no apparent reason.
Even when regular meetings were canceled President Davis refused to designate an officer to
carry out the meeting in his absence, pursuant to Article VI Sec. 4 which states…If the president
is absent from a local meeting, the officer do designated will preside in the absence of the
president and the officer so designated to assist him or her, a chair will be chosen by the
members from among those in attendance.  On _____, the Executive Board of the
local union called for a special meeting to address issues of grave concern regarding the Union.
President Davis was duly notified, he refused to come to the meeting.    President Davis was
directly notified of this meeting and the action of the executive board was going to be presented
to the body.  Then President Davis was duly notified but failed to appear.  The Union members
voted to take the action as reflected in the June 9, 2017 memorandum.  The Union body never
receives any notice of appeal or request to appeal the Union decision dated June 9, 2016.  I am
fully aware of Article XXIII section 1 which provides…the local in which an individual member
holds membership is the court of original jurisdiction for trial of charges against the local
members and officers unless the charges arise out of or result form an individual conduct or
status as a council officer.  On matters concerning council operation, in which case the council
has original jurisdiction of trial of such charges.  The charges could not be brought in the local
jurisdiction because the Union Representative (National President, Vice President, Jesus
Sanchez, Rodney Davis, Dave Gaskin, Robert Harrison and Sherry Harrison have effectively
shut down local Union A.F.G.E. 953.  The Union Finances have been frozen and the local 953
union has not been able to govern themselves as a govern body.  It is the action of the Union
representative who have conspired, concluded and schemed and by design to shut down local
A.F.G.E Union 953.  The National Union office has taken over the local Union treasure and
frozen the local Union finances.  Yet, the National Union Officers continue to receive their

7

allotment per capita from each Union member. There has been no appeal or notice of right to be

heard regarding any action taken by the local Union on June 9, 2016. I must point out that no

Union officials (President, Vice President, or Union Representative Jesus Sanchez or District 9

Representative Robert Harrison or Sherry Harrison have talked to or call a meeting of the local

Union 953 to address the concern of Local Union 953. What is going on in our local Union 953

is that there are person(s) who are attempting to undermine and debunk the local union cause. At

the very least the actions of higher Union officials who have appeared to the President solely

because they know him and have been in office for the last 8 years, gives them the right to

privately express their concern and request that the President of the AFGE and the Vice

President do their personal bidding it is inappropriate and unlawful. Other than the threatening

and intimidation letters, the National President, the Vice President of District 9, Jesus Sanchez ad

Robert Harrison have sent to Margaret Hood, Sam Whitfield and to the other executive Board

members of Local Union 953. There has been no direct communication. No one from the

National or Vice President Officers have talked to any board members about what is going on.

Yet, the National Office Representatives has absolutely refused to discuss these Unions matters

with the local union representative or Union Executive Board. The local person who may have

been aggrieved by the Union Action taken on June 9, 2017 has failed to file any report or appeal.

Yet the supposedly aggrieved party skips from the local level all the way to the National Present,

David Cox office in Washington DC. This is clearly in violation of Rule Article XXIII section 1

regarding original jurisdiction of any claim. The National President Cox and Vice President of

the 9th District had a duty and obligation to ascertain the facts before they unilaterally took action

to remove Margaret Hood as Secretary Treasure. The failure of National officers to act is a

direct violation of Article 23 Section 2 of with states: That engaging in gross neglect of duty or

conduct constitute misfeasance or malfeasance in office as an office or representative of local

8

953. The Executive Board of A.F.G.E. local Union 953 consisted of 5 persons, (Margaret Hood, Secretary/Treasurer, Nathaniel Fuller, Sargent at Arms, Elbert Bell, 2nd Vice President and Rodney Davis, President. When I was chosen by the Executive board to become the Executive 1st Vice President, then President Davis did not come to any executive board meeting. (Exhibit #3) He was given timely notice of all Board meetings. He refused to come through on one occasion; he was going to set up a meeting with the board. He subsequently changed his mind. He gave no reason for the change of heart. The Executive board met without the President to discuss the terms of concern.    President Davis knew that he was the subject of scheduled Executive board meeting and that he was going to be the subject of the call Union meeting. At no time did President Davis address the board members or the Union members.   The Union members unanimously voted to remove President Davis. There was no election. The Executive 1st Vice President moved up to President. I appointed Charlie Rucker as the new chief Steward. (Exhibit #3) The actions of President Cox and Vice President Kelly specifically violated the provisions of Article IX section 5(d) specifically:…The supervision or removal of any officer shall operate only to suspend the right of such person to occupy any office or position or perform any of the function thereof, but all other membership rights of such individual shall remain unaffected unless and until the trial. Committee renders a decision affecting his or her membership rights. The local executive board continues to maintain the suspension and/or removal of Margaret Hood from office is Illegal. Violations of due process and in violation of local and national bylaws and constitution Article IX section 5(a) and following section (5) (d) no other board  member has been informed that they have been suspended and or removed from office. Yet, President Cox and Vice President Kelly have violated the autonomy right of the board member to govern themselves in accordance with the provisions of Article VIII section 2 which prescribe the duty of the A.F.G.E. executive board with members.  President Cox and

9

President Cox and Vice President Kelly would force their personal desires upon Local Union 953. The Action of the Presidents has violated the rights of the individual Union members and the Union as a autonomous body. The misuse of power of President Cox and Vice President Kelly is analogous to President Trump dictating to Governor Asa Hutchinson who he (Governor Hutchinson) should have on his cabinet. The specific actions of President Cox and Vice President Kelly amount to a taking of our property without due process of laws. Our local Union is entitled to a hearing. I am respectfully requesting that the committee will give the Union a hearing as provided for in Article XXIII and the following sections 3-10. I shall point out that the provisions which call for a certain procedure when it is the President (local or National) who is being charged. To avoid conflict of interest, the Presidents will not be entitled to name people to serve on the investigating committee when they are the ones being charged. Pursuant to Article XXIII section 1, I am asserting my right to trial in the original jurisdiction. That the action of President Cox and Vice President Kelly and other named parties have caused a mass exodus of members, the number of people leaving the Union is growing every day. Union dues are still being paid. The National offices are receiving their allotment. The local Union cannot access their Union account because of the actions and practices of President Cox and Vice President Kelly and other named above.

That President Cox and Vice President Kelly and others named practices refused to recognize the will of the people as the President of Local Union 953 and as members of the executive board. That Charlie Rucker is the Chief Stewart. Article VIII section 2 sums it all up: It shall be the duty of the Executive Board to devise and initiate such actions as may be necessary in the intern between the local meetings, but such actions shall not be inconsistent with the objective of the federation ad shall be subject to local approval.

President Cox and Vice President Kelly continue to abuse and misuse their authority by

12

Directly interfering with the internal operation of the Union by:

      1.) Appointing a secretary of the Union without the knowledge or consent of the body.

      2.) The closing of the Union account.

      3.) The unauthorized taking of union funds and the failure to notify the Union of the amount.

      4.) To deny Union members of their property without due process of the Law.

      5.) To deny people of their right to be heard without due process of the Law.

      6.)  Ongoing scheme, design and plan to undermine and disband the Union.

      7.) To continue to hinder President Whitfield and the Executive Board member of their duty pursuant to rules and by laws.

President Cox or Vice President Kelly has exceeded their authorities as National office in appointing a Union member to hear any grievances.  The National President Cox and Vice President Kelly are denying Union members the right to address grievances and to be heard.  The action of President Cox and Vice President Kelly operate to deny Union members the right to be heard and represented even though Union dues are being withheld from each members check. There are four (4) signatures on the Union checking account, (Dave Gaskin, Beverly Miller, Rodney Davis and Margaret Hood.)  Any two signatures are sufficient to transact business. President Cox and Vice President Kelly arbitrarily and subjectively without cause picked Margaret Hood for an audit.  Margaret Hood became the Secretary/Treasurer on October 4, 2017.  The names on the checking account was never changed.  There was no name taken off of the account, Margaret Hood did not receive a credit card and she has yet to receive a card.

Union by-laws and contributions require all persons to turn over all Union property (Article

XXIII section 2(i)).   In furtherance of the conspiracy Rodney Davis and Dave Gaskin have

falsely misrepresented to persons and various institutions that they are Union President and

Union Chief Steward while falsely misrepresenting themselves to be Union officers.  They have

engaged in certain actions to defraud the U. S. Government of time and money.  That President

Cox, Vice President Kelly, Robert Harrison, Jesus Sanchez, Sherry Harrison and Chris

Richardson knowing and purposely aided and abetted Rodney Davis and Dave Gaskin.

President Cox, Vice President Kelly, Robert Harrison, Jesus Sanchez, Sherry Harrison and Chris

Richardson knowing and purposely aided and abetted Rodney Davis and Dave Gaskin continue

to collude, scheme and extort the Union by locking down the union door and preventing union

members from conducting business.  The President and other named officials have misused

Union 953 accounts without any cause or justification.  That President Cox and Vice President

Kelly and others further abuse their authority as Union officials by appointing a person to

oversee the Unions business without the approval and consent of Union members.  The direct

actions of President Cox, Vice President Kelly and others named in this complaint in their

official capacity as Union officers conspired to defraud, debunk and completely shut down

A.F.G.E. local union 953.  That the actions implicated of here in has led to a substantial decrease

in Union membership, that the local A.F.G.E. Union Executive board is all black.   No other

A.F.G.E. union executive board is all black and no other A.F.G.E. union executive board has

been subjected to that actions instituted by President Cox and Vice President Kelly who

apparently feel that they have the authority to interfere in the general management of local union

953.  There has not been any type of showing of fraud, mismanagement or any other limitation

as required under the rules and by laws and more specifically Article 6 of the Union by laws and

constitution.

14

Having addressed all the charges outlined in the complaint, I am respectfully requesting a full investigation of the official action taken by J. David Cox, Sr. as National President on American Federation of Government Employees; Michael Kelly as Regional Vice-President (District 9) Jesus Sanchez, Union Representative; Rodney Davis (Former President of Local Union 953), Dave Gaskin, Former President and Chief Steward; Sherri Harrison, Union Liaison Officer; Christopher Richard, Chief Ammunition Operations Productions Division.

I am respectfully requesting that any and all appropriate sanctions be applied to each of the named individuals listed here.

2.) That all money be paid by each Union member be refunded back to them form June 9 to Present.

3.) That Union dues be returned to our Union Account and that our Union be immediately be restored.

4.) That Margaret hood and any other Union officer be immediately restored to their position with all right and privileges.

5.) That the Nation Union Office issue a public declaration that the rights of individual Union members were violated and the autonomy right of the Union was violated but he Union officered complained of herein.

6.) That Local Union 953 be restored back to the Good Standing help prior to June 9th, 2017.

7) That Sam Whitfield be immediately sworn in as the rightful President of Local Union 953 with all rights and privileged pertaining thereto. And that a Public declaration be issued regarding the same.

15

*Exhibit L*

# RUNOFF ELECTION NOTICE

## AFGE Local 953

The Office for President Runoff election Local 953 will be conducted by manual secret ballot on 3/7/17 from 6:00 am until 6:00 pm at building 17-130 Local 953 meeting room.

Office to be filled by election is President. Qualifications for office are: be a member in good standing of this local; be a member for one year of an AFGE local, immediately preceding the closing of the nominations process; not be a member in any labor organization not affiliated with the AFL-CIO. The term of office is 3 years, ending with the installation of officers following the regularly scheduled elections.

In case of a tie, the candidate for President will be determined by a coin flip immediately after the runoff election.

Any member who has paid dues on or before 3/7/17 prior to 6:00 pm is in good standing and eligible to vote. Members will be asked to present a Local 953 membership card, driver's license, or some other form of picture identification at the polls.

Written request for the absentee ballot should be directed to the Election Committee at PO Box 20152 White Hall, AR 71612, to be received by the Election Committee by 12 noon on 2/17/2017. Requests received later will be honored; however, there is no guarantee that those ballots will be returned in time to be counted. Absentee ballots must be received in PO Box 20152 White Hall, AR 71612 by 12 noon on 3/6/2017.

Each candidate may have a reasonable number of observers, who are members, present throughout the election process, including the tally of ballots.

All protests to the election must be in writing and received by the Election Committee prior to, during, or within ten days after the election. This election is governed by the AFGE Rules of Conduct for an Election, set forth in Appendix A of the AFGE National Constitution.

$$(17)$$

Exhibit 2

## Executive Board Meeting

### Local 753

### April 20, 2017

On April 18, 2017, Second Vice President E. Bell called President Rodney Davis and asked him if we could schedule an Executive Board Meeting on April 20, 2017 at the Union building after we got off work, President Davis said yes, he would be there.

The Executive Board met at 5:00 p.m. on April 20, 2017, Mr. Bell informed the officers that he had called President Davis and he was informed that he was not coming to the meeting that he was going to hold both positions as President and Vice President.  Present at the meeting was E. Bell, N. Fuller, we conference called M. Mattox and M. Hood.  Mr. Bell informed the Board what President Davis had said, after a brief discussion, Mr. Bell Moved that Sam Whitfield become our Vice President, Nathaniel Fuller seconded and the motion passed by M. Mattox and M. Hood with agreement of the appointment.  It was a unanimous decision. N. Fuller moved that the meeting would be adjourned seconded by Bell, meeting was adjourned.

Margaret Hood

(18)

*Exhibit # 3*

April 3, 2017

Mr. Rodney Davis
President of Local Union 953
P.O. Box 20152
White Hall, Arkansas  71612

Re: Request for Investigation

Dear President Davis,

Please take official notice, that I am filing this official complaint against you as President of local union 953; Robert Harrison in his individual and official capacity as a member of local union 953 and in his official capacity as District 9 representative; and other unknown parties based on the following:

1. That on March 13th 2018, then President Rodney Lagrone informed the executive body of his intention to resign as President of the union.

2. That a special called meeting of the executive body of local union 953 was scheduled for March 13th to accept the resignation of Mr. Rodney Lagrone and to swear in

(IG)

the first executive President Mr. Rodney Davis. At this meeting the executive body was going to appoint a new executive President to replace, Mr. Davis. This meeting was scheduled for 5:00 pm on Monday, March 13th.

3. That sometime prior to the scheduled 5pm meeting of the local 953 executive board, Robert Harrison secretly met with President Rodney Davis. Robert Harrison purportedly swore in Mr. Rodney Davis as the new President of local union 953. Mr. Harrison also prepared and typed Mr. Lagrone resignation papers for which Mr. Lagone signed. Mr. Harrison did these things under the guise of being a District 9 representative and as a member of local union 953. Mr. Harrison stated to the executive board that he had been in contact with the national office and that they (the national office) had informed him that the union was going to have another election. At no time did Mr. Harrison produce any paper work to show that he was taking this action pursuant to any authority as a 9th District Representative or authority receive from the national office.

4. Mr. Harrison is not a officer of local union 953 and it is questionable whether he is a member. He was not

asked to be a part of the executive meeting originally scheduled for March 13th, 2017. In fact after a heated exchange between the secretary/treasurer and him, Mr. Harrison was asked to leave.

5. Mr. Harrison continues to assert his authority to intervene with the executive body pursuant to his 9th District representation, and his connection to the National office. The union executive body never requested Mr. Harrison assistance in any capacity and Mr. Harrison never produced any authorization from the district or National Office to show otherwise.

6. There is a question of whether Mr. Harrison had the authority to swear in Mr. Rodney Davis as the new President and by what authority?

7. After Mr. Rodney Davis was secretly sworn in by Mr. Harrison, Mr. Davis was specifically told not to appear at the scheduled executive board meeting set for 5:00 pm. Mr. Harrison advised Mr. Davis not to show up and that he would handle the executive body, Mr. Davis did not show up for the executive board meeting. Mr. Harrison

21

was there in the President place pursuant to the purportedly the authority of the 9th District and the National Office.

8. The actions of President Davis represent the highest degree of malfeasance and misfeasance of public responsibility. There is ongoing union business that need to be addressed, yet President Davis refused to call for a special meeting of union officers or union members.

9. That there are pending claims against the union needed to give their immediate attention to and that the members of local union 953 need to be informed of the status of this union.

10.  That President Davis absolutely refuses to call a special meeting to address any of these concerns.

11.  That Robert Harrison and others are directing the President on what to do and when to do it.

22

3N

12.   That President Davis has publicly stated that he does not want the job as President of the Union and that he will not attend any mandatory meeting or address any issues on stand down day.

13.   That Mr. Harrison with full knowledge of President Davis statement insists that President Davis take the position inspite of.

14.   That on March 13th 2017, Mr. Harrison physically locked the office of the President under the guise of being the 9th District office and pursuant to directives of the National Office.

15.   That the election of Mr. Harrison taken under the guise of the 9th District Representative and on behalf of the National Office tend to undermine local union 953 and violates numerous laws of the constitution, to include Article II Section 3; Article 6, Section2; and Article VII Section 4 of the A.F.G.E. constitution all for which charges should be against each of them.

23

16.  That the non-action of President Davis constitutes malfeasance and misfeasance in office in direct violation of the A.F.G.E. constitution.

17.  That the non-action of the President violates the A.F.G.E. constitutions which provide that the president keep the union members informed and that the welfare of the union will be maintained.

I am respectfully requesting that the complaint filed herein acquaint you and Mr. Robert Harrison be receive and process through the proper channel via the A.F.G.E. constitution.

Your prompt attention to this matter will be greatly appreciated.

Respectfully,

Sam Whitfield
Sam Whitfield

870-816-5244

Regular Meeting

AFGE Local 953

May 9, 2017

Meeting was called to order at 5:15 pm. We had an opening prayer by Elbert Bell. We had roll call, all officers were present except for President Davis and Mike Mattox.

1st Vice President, Sam Whitfield chaired the meeting. The membership was informed that the President had at the last minute, tried to cancel the meeting with no reason. We had urgent business that needed to be discussed, our Union is failing due to leadership. The membership was reminded that President Davis said he didn't want the position and was not going to carry out the duties as President.

There was discussion from the membership. L. Pierce properly made a motion to dismiss President Davis as President and it was properly seconded by C. Rucker. It was asked if there were any questions, there were none, it was asked all that were in favor, all 12 voted yes for dismissal by a show of hands, it was asked if there were any nays, there were none. It was unanimously passed to dismiss Rodney Davis as President.

Sam Whitfield appointed C. Rucker as Chief Steward. S. Whitfield motioned for adjournment and it was seconded by L. Pierce.

There were 12 present.

Margaret Hood

(25)

*Exhibit #5*



## DEPARTMENT OF THE ARMY
PINE BLUFF ARSENAL
10020 KABRICH CIRCLE
PINE BLUFF, AR 71602-9500

REPLY TO
ATTENTION OF

JMPB-AOP                                                    10 August 2017

MEMORANDUM FOR Mr. Sam Whitfield

SUBJECT:    Formal Counseling and written instructions

1. On 8 June 2017, you left a voicemail on the work phone of Sherri Harrison, the Labor Relations Specialist in the Pine Bluff Civilian Personnel Advisory Center that contained inaccurate information regarding your union position/authority. Within your message you also intimated that should Ms. Harrison refuse to do what you directed, she will experience some undefined consequences. Your conduct is not acceptable and will not be tolerated in the future.

2. The verbatim transcribe of your message is:

> "Hello Miss HARRISON, this is Sam WHITFIELD. I've called you several days in regard to the UNION. The scheduled meeting for Tuesday is coming up, our regular schedule meeting. As president here I ask you to call for me. Somehow I sense you're quite reluctant to do this for whatever reason. But I'm here to tell you, you cannot justify what the union do. You and no one else on this Arsenal: And, if you refuse to do that, you put yourself in the middle of this, I'm going involve you in this, just like the rest of them. You have, you do not second guess what the union people have voted on." I've gave you the minutes, I've asked you to call for a meeting this coming Tuesday. You have not returned my call. And I'm putting you on notice. Should you fail to do this, should you try to say that Robert Harrison, does not run our union. Chewy does not run our union. Mike Kelley does not run our union here on this arsenal. No one can second guess on anything. I gave you the minutes that's required. Again for the last time, I'm saying, schedule the meeting (beep-beep), for the regular union, per my instruction this coming Tuesday. You can do it or you not can do it, but I assure you, you will be involved very seriously. Thank you very much ma'am."

3. Mike Kelly, the AFGE National Vice President has verified that at the time of this message, you were not a recognized union representative for AFGE Local 0953, and you were not authorized to act on behalf of or bind the local in any Labor Relations matters. Mr. Kelly indicated that at this present time, you are still not recognized as a union representative for AFGE Local 0953.

4. Therefore, you had no authority to direct or demand Ms. Harrison to take action based on your instruction as the "union President" and consequently, Ms. Harrison responded correctly when she did not act upon your stated requirements.

26

5.  Further, your implications that you have the authority and/or intent to enact measures upon Ms. Harrison which will impact her "seriously" are not appropriate.  This counseling is intended to give you written notice that such actions are not appropriate and will not be tolerated in the future.

6.  You are not to identify yourself to the CPAC, Managers/Supervisors or employees as the "Union President".  Until validation from AFGE is received that you are in fact a designated and recognized union president, you have no authority to represent yourself as such.  Further, you are also not to contact Sherri Harrison by phone or in person without my prior approval. Failure to follow these instructions may result in formal disciplinary action.

Christopher A. Richards
Chief, Ammunition Operations Production Division


Acknowledged:

Sam Whitfield

8/14/8?    Date



**DEPARTMENT OF THE ARMY**
Civilian Human Resource Agency
Pine Bluff Arsenal CPAC
10020 Kabrich Circle
Pine Bluff, AR 71602-9500

CHRA-SWR-C                                                   2 August 2017

Memorandum for Mr. Sam Whitfield

Subject:  Labor Relations

1.  On 8 June I was made aware that you left a voicemail on Sherri Harrison's voicemail demanding that she schedule a Union meeting for you.  You also stated you had made this request of her previously and she had not followed through.

2.  I have been made aware that you were not authorized or recognized by AFGE to act or bind the local in any Labor Relations.  Therefore Ms. Harrisons decision not to act on your demands was proper.

3.  Until validation is received from AFGE that you have been elected, or are recognized, this office cannot work or engage with you in the capacity of an elected Union Official.

KIMBERLY S. MALONE
Director, Civilian Personnel Advisory Center

*Exhibit 7*

To:    Chairpersons
       National Executive Council
       80 F. Street N.W.
       Washington, DC 20001-1583


Each of us who have signed this sheet would like to be added as a co-complainant with Sam

Whitfield in the Original Compliant dated *Oct 22nd 2012*.    We assert our right as an

individual and as a Union Member of local A.F.G.E. Union 953 our complete address and

telephone number included:


Jacqueline Rogers
1016 W 7th AVE
Pine Bluff Ark, 71601
870-550-3193

Carolyn Washington
310 E. 34th
Pine Bluff, ARK. 71601
870 592-8829

Elbert C. Bell
902 Golf View DR.
870. 489-8077

Kim Carter
2720 Kenwood Rd
Pine Bluff, Ar 71603
(870) 643-0111
Charlie Rueker
4847 Cheyenne Rd
Gould, AR 71643
870-329-4653

Marun Childress L
2123 S Blake Apt 36
Pine Bluff AR 71603
870-575-2089

JoAnn Winston
1601 W 37th
Pine Bluff AR
870-570-1573

Margaret Hood
115 Driftwood Dr.
McGehee, AR 71654

Nathaniel Fuller
4004 King Richard Cir
Pine Bluff Ar 71603
870-692-9495
Gregory L. Bishop JR.
1802 Belmood DR.    870-329-7280
Pine Bluff, AR 71601

29

# AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

| **Joseph P. Flynn** | **J. David Cox, Sr.** | **Augusta Y. Thomas** |
|:---:|:---:|:---:|
| *National Secretary-Treasurer* | *National President* | *NVP for Women & Fair Practices* |

7z/L-953/379152
CERTIFIED MAIL: 7017 1000 0001 1756 8888

May 15, 2018

Sam Whitfield
831 Cooke
West Helena, AR 72390-1408

Dear Mr. Whitfield:

This responds to your appeal to the National Executive Council of the decision of the independent arbitrator. The independent arbitrator's decision was to suspend you from membership for six months and to bar you from office. The NEC, in its May 9, 2018 meeting, reviewed this disciplinary action and sustained the independent arbitrator's findings.

If you are not satisfied with this decision, you may further appeal to the next AFGE National Convention in August of 2018, pursuant to Article XXIII of the AFGE National Constitution. AFGE policy provides that for an appeal to the National Convention to be timely, you must file by certified or registered mail to the National Secretary-Treasurer within 30 days of your receipt of this letter. A letter simply stating your exercise of the right to appeal would suffice at that time. An ad hoc committee of three delegates will entertain appeals and submit its findings and recommendations to the National Convention for action. Any statement from you in support of your appeal to the National Convention will go to the ad hoc committee. You must confine the statement solely to matters raised in your appeal to the NEC, with supporting facts and argument, and the National President must receive it at least 60 days prior to the commencement of the 2018 National Convention.

Sincerely,

*J. David Cox L.*

J. David Cox, Sr.
National President

Enc.
cc:    NVP Kelly
       L-953 Executive Board





**DEPARTMENT OF THE ARMY**
PINE BLUFF ARSENAL
10020 KABRICH CIRCLE
PINE BLUFF, AR 71602-9500

REPLY TO
ATTENTION OF

JMPB-AOP                                                    10 August 2017

MEMORANDUM FOR Mr. Sam Whitfield

SUBJECT:    Formal Counseling and written instructions

1.  On 8 June 2017, you left a voicemail on the work phone of Sherri Harrison, the Labor Relations Specialist in the Pine Bluff Civilian Personnel Advisory Center that contained inaccurate information regarding your union position/authority.  Within your message you also intimated that should Ms. Harrison refuse to do what you directed, she will experience some undefined consequences. Your conduct is not acceptable and will not be tolerated in the future.

2.  The verbatim transcribe of your message is:

> "Hello Miss HARRISON, this is Sam WHITFIELD. I've called you several days in regard to the UNION. The scheduled meeting for Tuesday is coming up, our regular schedule meeting. As president here I ask you to call for me. Somehow I sense you're quite reluctant to do this for whatever reason. But I'm here to tell you, you cannot justify what the union do. You and no one else on this Arsenal: And, if you refuse to do that, you put yourself in the middle of this, I'm going involve you in this, just like the rest of them. You have, you do not second guess what the union people have voted on." I've gave you the minutes, I've asked you to call for a meeting this coming Tuesday. You have not returned my call. And I'm putting you on notice. Should you fail to do this, should you try to say that Robert Harrison, does not run our union. Chewy does not run our union. Mike Kelley does not run our union here on this arsenal. No one can second guess on anything. I gave you the minutes that's required. Again for the last time, I'm saying, schedule the meeting (beep-beep), for the regular union, per my instruction this coming Tuesday. You can do it or you not can do it, but I assure you, you will be involved very seriously. Thank you very much ma'am."

3.  Mike Kelly, the AFGE National Vice President has verified that at the time of this message, you were not a recognized union representative for AFGE Local 0953, and you were not authorized to act on behalf of or bind the local in any Labor Relations matters. Mr. Kelly indicated that at this present time, you are still not recognized as a union representative for AFGE Local 0953.

4.  Therefore, you had no authority to direct or demand Ms. Harrison to take action based on your instruction as the "union President" and consequently, Ms. Harrison responded correctly when she did not act upon your stated requirements.

5.  Further, your implications that you have the authority and/or intent to enact measures upon Ms. Harrison which will impact her "seriously" are not appropriate.  This counseling is intended to give you written notice that such actions are not appropriate and will not be tolerated in the future.

6.  You are not to identify yourself to the CPAC, Managers/Supervisors or employees as the "Union President".  Until validation from AFGE is received that you are in fact a designated and recognized union president, you have no authority to represent yourself as such.  Further, you are also not to contact Sherri Harrison by phone or in person without my prior approval. Failure to follow these instructions may result in formal disciplinary action.

Christopher A. Richards
Chief, Ammunition Operations Production Division

Acknowledged:

Sam Whitfield                                                  Date

*Exhibit #6*



**DEPARTMENT OF THE ARMY**
Civilian Human Resource Agency
Pine Bluff Arsenal CPAC
10020 Kabrich Circle
Pine Bluff, AR 71602-9500

CHRA-SWR-C                                                    2 August 2017

Memorandum for Mr. Sam Whitfield

Subject:  Labor Relations

1.  On 8 June I was made aware that you left a voicemail on Sherri Harrison's voicemail demanding that she schedule a Union meeting for you.  You also stated you had made this request of her previously and she had not followed through.

2.  I have been made aware that you were not authorized or recognized by AFGE to act or bind the local in any Labor Relations.  Therefore Ms. Harrisons decision not to act on your demands was proper.

3.  Until validation is received from AFGE that you have been elected, or are recognized, this office cannot work or engage with you in the capacity of an elected Union Official.

KIMBERLY S. MALONE
Director, Civilian Personnel Advisory Center